**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000662**
**15-OCT-2012**
**10:54 AM**

NO. CAAP-12-0000662

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LIVIA M. SCOTTO, Plaintiff-Appellant,
v.
STATE OF HAWAI'I, DEPARTMENT OF HUMAN SERVICES, et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-002757)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon review of the record in this case, it appears that
we lack jurisdiction over the appeal that Appellant-Appellant
Livia M. Scotto (Appellant Scotto), has asserted from the July 9,
2012 order of dismissal filed in the Circuit Court of the First
Circuit (circuit court) [1] because the circuit court has not
reduced the July 9, 2012 order of dismissal to a separate
judgment, as Rules 58 and 72(k) of the Hawai'i Rules of Civil
Procedure (HRCP) require in an administrative appeal from a

---

[1] The Honorable Rhonda A. Nishimura presiding.

circuit court pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 2011).

"Review of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (1993). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2011). Under HRS § 641-1(a), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." <u>Alford v. City and County of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted). For example, the Supreme Court of Hawai'i has held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the

necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

Although the instant case involves an administrative appeal, HRCP Rule 72(k)[2] similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). The separate judgment document rule under the holding in Jenkins v. Cades Schutte Fleming & Wright applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. See, e.g., Raquinio v. Nakanelua, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Therefore, where a circuit court failed to reduce dispositive orders in an administrative appeal to a separate judgment, we dismissed the appeal for lack of jurisdiction:

---

[2]    Rule 81(e) of the Hawai'i Rules of Civil Procedure (HRCP) requires that the Hawai'i Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

In Raquinio's case, the requirements of HRCP Rules 58 and 72(k) and <u>Jenkins</u> apply and have not been satisfied. Therefore, Raquinio's appeal is premature, and we do not have appellate jurisdiction.

Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

<u>Id.</u>

Likewise in the instant administrative appeal, the requirements of HRCP Rule 58, HRCP Rule 72(k) and <u>Jenkins v. Cades Schutte Fleming & Wright</u> apply, and yet neither the circuit court nor that parties have satisfied the requirements for appealability because the circuit court has not reduced the July 9, 2012 order of dismissal to a separate judgment that, on its face, resolves all claims in this case by either entering judgment in favor of and against the appropriate parties. On September 20, 2012, the record on appeal for appellate court case number CAAP-13-0000662 was filed, by which time the circuit court had not entered a separate judgment in this case. Absent an appealable final judgment, Appellant Scotto's appeal is premature and we lack jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000662 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, October 15, 2012.

Chief Judge

Associate Judge

Associate Judge

-4-